HANSEN and another, Respondents, vs. THE FLINT & PERE MARQUETTE RAILROAD COMPANY, Appellant.

*January 9 — January 29, 1889.*

CARRIERS. *(1) Liability of carrier for loss beyond its own lines: Special contract: Receipt. (2) Agency: Proof of authority to make contract.*

1. An agent of the defendant company gave a receipt for goods shipped in the following form: " Milwaukee ——— 188-. — Shipped by Roundy, Peckham & Co. the following articles, in good order, to be delivered in like good order, as addressed, without unnecessary delay.— Consigned to Hansen & Kirsh, Onekama, Mich." On the face of the receipt the agent stamped and wrote: " F. & P. M. R. R. Co.— Rec'd. Nov. 2, 1887.— By agent, P., Milwaukee." *Held,* that this imported a contract to carry the goods through to Onekama, and that defendant's liability did not cease on the delivery of the same, at the end of its line, to a connecting carrier.

2. Express authority of the agent to make such contract need not be shown, he having acted as such agent in the proper place for receiving goods for the company, and having been in possession of

the company's stamp to be used on such receipts, and the company having taken possession of the goods and caused them to be shipped, presumably with knowledge of the receipt.

APPEAL from the Circuit Court for *Milwaukee* County. The facts will sufficiently appear from the opinion.

*Frank M. Hoyt,* for the appellant, contended, *inter alia,* that by the great weight of American authority where a carrier receives goods for transportation beyond his own line he is not responsible for any loss occurring beyond his line unless there is a special contract or some usage of business which shows that such carrier takes the goods for the whole route. *Peet v. C. & N. W. R. Co.* 19 Wis. 118– 124; *Nutting v. C. R. R. Co.* 1 Gray, 502; *Van Santvoord v. St. John,* 6 Hill, 157; *Converse v. Norwich & N. Y. Transp. Co.* 33 Conn. 166; 2 Am. & Eng. Ency. Law, 860 *et seq.;* Hutchinson on Carriers, sec. 145 *et seq.;* Lawson on Carriers, sec. 235 *et seq.* The mere receiving and giving a receipt for goods marked to a point beyond the carrier's line is not sufficient. *Hadd v. U. S. & C. Exp. Co.* 52 Vt. 335, 6 Am. & Eng. R. Cas. 443. It was error to exclude testimony showing that the foreman of the warehouse, who stamped the receipt, had no authority to make a contract for the defendant to points beyond its own line. *Grover & B. S. M. Co. v. M. P. R. Co.* 70 Mo. 672; 2 Am. & Eng. Ency. Law, 806, note 2.

For the respondents there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

ORTON, J. The facts are substantially as follows: Roundy, Peckham & Co., merchants of the city of Milwaukee, on November 2, 1887, upon an order from *Hansen & Kirsh,* the respondents, of Onekama, Michigan, shipped to them by the appellant company a large bill of goods. Roundy, Peckham & Co. on that day sent the goods to the ware-

house of the appellant by their drayman, and received in return the following receipt: "Original. — MILWAUKEE, ———, 188–. — Shipped by Roundy, Peckham & Co. the following articles, in good order, to be delivered in like good order, as addressed, without unnecessary delay. — Consigned to *Hansen & Kirsh*, Onekama, Mich.— Description of articles.— Weight." Here follows a list of the articles shipped, covering four sheets of paper, upon each of which is the same heading as above, and on the face of the receipt, and on each page or sheet, is stamped by the agent of the appellant company the following: "F. & P. M. R. R. Co.— Rec'd. Nov. 2nd, 1887.— By Agent — Milwaukee." On the face of the stamp is written the letter "P." The stamp was affixed to the receipt by a Mr. Pawlett, the agent of the appellant company, on that day, who wrote the letter "P." thereon as his initial letter, and the stamp used by him was the one customarily used by the agent for such purpose. A portion only of the goods arrived at Onekama, their destination, the remainder having been burned or damaged at Manistee, Michigan, by fire. The value of the goods so lost was $651.74, for which, and interest of $45.62, making a total of $697.36, the jury rendered a verdict for the plaintiffs by direction of the court, and from the judgment thereon this appeal is taken.

The contention of the learned counsel of the appellant is that the defendant was entitled to show that its route and line as a carrier extended no further than Manistee, Michigan, and that said goods were safely carried to that point, and deposited in a warehouse, and in a place set apart for the use of the captain and proprietor of a boat called "Adriene," which plied between Manistee and Onekama, who receipted for the goods, and was in the act of removing them and had removed a part onto his boat when the warehouse was totally destroyed by fire, and the goods not then removed were destroyed or injured without negligence of the

defendant; and that the defendant was entitled to show further that Roundy, Peckham & Co. well understood that the custom was between the defendant's line and such connecting carrier that such connecting carrier had nothing to do with the defendant's line, and the circumstances connected with the giving of the receipt, and that the agent, Pawlett, had no authority to make a through bill of lading between Milwaukee and Onekama. This evidence was ruled out by the court, and proper exceptions taken. The admissibility of this evidence depends upon the legal character of the receipt as being a full and perfect contract to carry the goods through the entire route, or otherwise. If the receipt constitutes a through bill of lading of the goods from Milwaukee to Onekama, then it could not be contended that any parol evidence could be given to explain or vary it, and what is established by contract cannot be changed or affected by custom. The general usage of a railroad company in respect to forwarding goods marked for points beyond its terminus will be deemed to enter into its contract of transportation. *Hooper v. C. & N. W. R. Co.* 27 Wis. 81; *Wood v. M. & St. P. R. Co.* 27 Wis. 541. Nor could it be contended that the express authority of the agent must be proved when he acted as such in the proper place for receiving goods for the company, and was in possession of the company's stamp to be used on such receipts, and the company took possession of the goods and caused them to be shipped with knowledge of the receipt, which it must be presumed the company had before they were so shipped. No other proof of agency is necessary than that the agent's acts justify the party dealing with him in believing that he had authority. *Kasson v. Noltner,* 43 Wis. 646.

The sole question, therefore, is, Does the receipt import a full and complete contract to carry the goods to their destination, or such a contract that it was fully performed by a delivery of the goods to the connecting carrier? I

cannot well see how a receipt or bill of lading could be drawn to make a through contract, if this receipt does not. It has all the usual terms. The destination and the consignees at that place are named. The goods are "*shipped*" by Roundy, Peckham & Co., "in good order, to be *delivered* in like good order, as *addressed*, without *unnecessary delay*." The address is "*Hansen & Kirsh*, Onekama, Mich.," as the consignees. Outside of the stamp upon it, it is more like a shipping bill or bill of lading than a mere receipt. The goods are not received, but *shipped*, by Roundy, Peckham & Co. The stamp is marked "Rec'd. Nov. 2, 1887, by agent, P., Milwaukee." All the apt words to make a perfect through contract are used, and none omitted. Manistee as the destination is not mentioned, nor is it found in the contract anywhere for any purpose, nor is it known from the receipt or contract that there was any connecting carrier on the route, or if so what one, by water from Manistee. The respondents took no responsibility of carriage beyond Manistee, but the company assumed it and contracted for it. Even within the rule contended for by the learned counsel of the appellant,— which is claimed to be the general rule by the authorities,— " that where a carrier receives goods for transportation beyond his own line he is not responsible for any loss occurring beyond his line *unless there is a special contract* or some usage of business *which shows that such carrier takes the goods for the whole route*," the defendant was bound to carry the goods the whole route; for there was a special contract to that effect, as we have seen. In *Wahl v. Holt*, 26 Wis. 703, the bill of lading, or "shipping receipt," as it is called in the opinion, had the same apt words: " To be delivered in good order and condition as when received, *as addressed* on the margin, or to his or their consignees." On the margin was: " Account, C. Wahl, George F. Wilson, Providence, R. I." But the receipt in that case had also, " Care A. T. Co., Buffalo,"

and, " By the Commercial Line of Propellers from Milwau-
kee to Buffalo." These words were held to mean only that
the line of propellers by which the goods were shipped *ran*
" from Milwaukee to Buffalo," and " were not intended to
define the points between which the Commercial Line had
undertaken to transport the goods;" and it was held that
the proprietor of the Commercial Line contracted to carry
the goods to Providence, R. I. In that case, as in this,
there was mixed land and water transportation by connect-
ing lines. The shipping receipt or bill of lading in the
present case is more explicit, definite, and complete, as a
through contract, than that in the above case, and there is
no mention of an intermediate point at the termination of
the defendant's line, to break the continuity between Mil-
waukee and Onekama. It is very clear that that case rules
this, and is sufficient authority for holding that this is a
through contract, without citing other authorities. That
case as well as this is readily distinguishable from *Parmelee
v. Western Transp. Co.* 26 Wis. 439, as well as from all
other cases in which the end of the route was held to be an
intermediate point, or the end of the defendant's line. We
think that the court was warranted in directing a verdict
for the plaintiffs.

*By the Court.*— The judgment of the circuit court is af-
firmed.